The next case on our call this morning is Agenda Number 4, Case Number 106472, People of the State of Illinois, Appalachia v. Philip Horrell, Appalachia. Mr. Kohut, I believe. May it please the Court. Good morning, Your Honors. Counsel. My name is Brian Kohut, and I represent Mr. Philip Horrell, the defendant in this criminal case. Mr. Horrell was charged with six counts of forgery based on three checks. In Counts 1, 3, and 5, the State charged Mr. Horrell with making three documents capable of defrauding another. Counts 2, 4, and 6 charge that Mr. Horrell delivered three documents capable of defrauding another. Counts 1 and 2 refer to Check Number 3283. Counts 3 and 4 concern Check Number 3284, and Counts 5 and 6 refer to Check Number 3286. Mr. Horrell pled guilty to all six counts of forgery as charged. The Circuit Court sentenced him to concurrent terms of five years' imprisonment on Counts 1 through 5 and one year of probation on Count 6. The period of probation was ordered to begin upon Mr. Horrell's release from prison. The Circuit Court stated that it imposed the period of probation because it could watch Mr. Horrell's drug problem probably better than parole could. The Appellate Court, Third Judicial District, held that the imposition of the period of probation on Count 6 to follow the prison term on Count 5 was permissible under Subsection 562F of the Unified Code of Corrections. The question before this Court is whether the period of probation imposed on Count 6 for delivering Check Number 3286, ordered to be served after Mr. Horrell's five-year term of imprisonment imposed on Count 5 for making the same check, amounts to an improperly imposed consecutive sentence. Under our Wendt case, when a defendant commits multiple and, for one act, one crime purposes, separate offenses, a sentence of probation may be imposed consecutive to a sentence of imprisonment, right? That's correct, Your Honor. However, as the State argues, this Court's holding in Wendt – the State argues that this Court's holding in people v. Wendt should control. However, Wendt's sentences resulted from unrelated drug charges, not the closely related acts of making a check capable of defrauding another and delivering that same check on the same date. Also, the defendant in Wendt was eligible for consecutive terms of imprisonment under Section 584. Unlike that case, Mr. Horrell was not eligible for consecutive terms of imprisonment under that section. So if we disagree with you that these were not closely related acts, then Wendt would apply? Then Wendt would be indistinguishable from this case if we – I think that's accurate, Your Honor. However, these were closely related acts. I mean, we're talking here about making – I understand that's your position. I'm just saying if, in assessing this, we disagree with that proposition, Wendt then does control. I know you have a separate argument as well with respect to the probation issue, but on that point, Wendt would be controlling. That's correct, Your Honor. And they were separate offenses, weren't they? They were co-related, they were separate offenses. They were determined by the appellate court to be separate acts. All six counts could stand as separate offenses. However, as the State conceded before the appellate court and as the defendant here argues, these were a series of closely related acts, making and delivering the same check on the same date. Counsel, in addition to that, what about the case of Holley? Didn't we directly say that the MSR was part of the prison sentence? And if so, therefore, how could the sentence of probation run consecutive to the sentence of imprisonment? A term of imprisonment is distinct from a term of mandatory supervised release when considering consecutive sentences. For example, when consecutive terms of imprisonment are used, it would require MSR to follow the entire term of imprisonment. Therefore, MSR does not have any effect on whether these sentences are consecutive. Furthermore, Your Honors, it would be irrational to conclude that MSR and probation can run concurrently in the vast majority of cases. This would place the impossible burden of coordinating different rules and regulations on the separate administrative bodies controlling both MSR and probation. Turning back to my argument, Your Honors, first, imposition of the period of probation consecutive to the term of imprisonment for making and delivering a single check is inconsistent with the Unified Code. Furthermore, this case is more analogous to People v. Williams barring consecutive sentences of imprisonment and probation for a single offense than People v. Wendt allowing consecutive sentences of imprisonment and probation for multiple unrelated offenses. Finally, contrary to the appellate court's opinion, Section 562 of the Code is inapplicable to this case. Initially, Your Honors, the period of probation on Count 6 ordered to be served upon Mr. Harrell's release from prison on Count 5 amounts to a consecutive sentence. By definition, consecutive sentences are sentences ordered to be served one after another. The period of probation imposed on Count 6 was ordered to be served after Mr. Harrell's term of imprisonment imposed on Count 5, and the two sentences were therefore consecutive. Additionally, a period of probation cannot be imposed consecutively to a term of imprisonment in this case because the consecutive sentences were inconsistent with the Unified Code and Imposition of a period of probation consecutive to a term of imprisonment is inconsistent with subsections 584A, 584B, and 561A of the Code. Under Section 584, all sentences are to run concurrently unless certain exceptions apply. Consecutive sentences for forgery offenses are not mandated. Furthermore, consecutive sentences were not imposed in order to protect the public. Rather, the Circuit Court ordered the consecutive period of probation because it believed that it could monitor Mr. Harrell's drug problem better than parole could. Imposition of a period of probation consecutive to a term of imprisonment is also inconsistent with Section 561 of the Code. That section creates a presumption that an offender will receive a sentence of probation unless imprisonment is necessary to protect the public or probation would deprecate the seriousness of the offense. It is wholly inconsistent to find that a sentence of imprisonment was necessary to protect the public for making check number 3286, but at the same time find that a sentence of imprisonment was not necessary to protect the public for delivering that same check on the same date. It is equally irrational to find that probation would deprecate the seriousness of the offense for making check number 3286, but at the same time find that probation would not deprecate the seriousness of the offense for delivering the same check. Furthermore, imposition of a period of probation consecutive to a term of imprisonment runs contrary to this Court's holdings in People v. King and People v. Williams. In King, this Court held that consecutive sentences may not be imposed for a series of closely related acts. Here, making and delivering check number 3286, as stated previously, constitutes a series of closely related acts. In People v. Williams, this Court held that a period of probation may not be imposed consecutively to a term of imprisonment for the same offense because the two terms would be incongruous. This Court's reasoning in Williams should be applied to a series of closely related acts. The nature of the offense and the history of the offender either justify prison time or warrant probation, but not both. Defies logic to find that making check number 3286 justified prison time and at the same time find that delivering the same check warranted probation. Thus, King and Williams read together should persuade this Court to hold that a period of probation cannot be imposed consecutively to a term of imprisonment for a series of closely related acts. Finally, Your Honors, the Appellate Court held that subsection 562F allowed for the imposition of a period of probation to follow a prison term. However, this subsection is inapplicable to the instant case. Of critical importance, 562F was not in effect when Mr. Harrell committed the instant offenses. Furthermore, that subsection solely applies when an offender has been sentenced to a drug court program. Thus, contrary to the Appellate Court's opinion, section 562 does not permit the sentences imposed here. When was the statute adapted? How long after the crime? Effective date was January 1st, 2005 and Mr. Harrell was charged with making and delivering the checks on December 1st, 2nd, and 3rd of 2004. Approximately a month later it became the effective date, but under this Court's holding in Hollins, Mr. Harrell would have the choice of being sentenced under the law as if it existed at the time of the offenses or at the time of sentencing. Was he given that option at the time of sentencing? He was not given that option, Your Honor. When did he first raise it as an issue? I believe that was before this Court. There are no further questions at this time. For the foregoing reasons, Mr. Harrell respectfully requests that this Honorable Court reverse the Appellate Court's decision and impose a five-year term of imprisonment for delivering check number 3286, as alleged in count 6, to be served concurrently with the terms imposed on counts 1 through 5. Thank you, Your Honors. Good morning and may it please the Court. My name is Eldon Malamuth here from the Illinois Attorney General's Office on behalf of the people of the State of Illinois. As the defendant discussed, the defendant in this case was convicted of six charges of forgery, counts 1, 3, and 5, for making three separate forged documents on three separate days and counts 2, 4, and 6 for delivering those separate checks each respectively on the days they were made. Defendant was then sentenced on counts 1 through 5 to five-year prison sentences to run concurrently and on count 6 to a one-year probation sentence to run concurrently with the MSR term from the prison sentences in counts 1 through 5. Defendant argues that the probation period was improper because it was consecutive to the prison sentence, but defendant's argument fails for multiple reasons. First, it simply was not consecutive. It ran during the MSR term. The MSR term is part of the prison sentence. Hence, the probation ran concurrently with the prison sentence. Moreover, in this case, the defendant was subject to the imposition of the probation period consecutive to the prison sentence. Now what defendant has done is he has taken the dicta from one line of cases, the one act one crime cases, and tried to move it over to a separate line of cases, the Wendt-Williams line of cases, which has to do with sentencing, interpreting the sentencing code, and deciding when probation may be imposed consecutive to prison. But defendant again runs into several insurmountable roadblocks. First, the dicta and king that he relies on has subsequently been clarified and indeed rejected in Rodriguez and Artis and other subsequent cases. The one act one crime analysis is established. In this case, defendant concedes that there were multiple acts. He concedes that there are no lesser included offenses. Thus, the one act one crime doctrine is satisfied. Moving to the sentencing cases, Wendt and Williams make clear a certain rule. That rule is when there are multiple convictions, a court may impose probation consecutive to prison. When there is a single conviction, a court may not do so. The rules in Wendt and Williams are clear. The rules in the one act one crime cases are clear. Defendant would need to succeed at every step of this process in order to make his case and instead he succeeds at none. Now turning to the threshold issue of whether the sentence was consecutive or concurrent, 730 ILCS 5-581 makes clear that every felony prison sentence, quote, shall include, as though written therein, a term in addition to the term of imprisonment. And for our purposes, that's the mandatory supervised release term, the MSR term. That term is part of the sentence, as though written therein. Defendant argues now, for the first time in this court, that the calculation of multiple prison sentences when they are consecutive somehow changes this analysis. But that's simply not the case. Defendant is, when there are multiple consecutive sentences, there the 584G discusses how those should be calculated. It prescribes that they should be calculated as if there was one sentence, one prison sentence, and then the MSR term follows that one prison sentence. That's simply a matter of how consecutive prison sentences are calculated. It has nothing to say about whether the MSR term is a part of the prison sentence or not. Mr. Milner, is the trial court effectively exposing defendant to a double prison term, five years for counts one through five, plus another five years if he violates the probation on count six? Your Honor, it's certainly the case that defendant might serve prison time after the first prison sentence is up. But that's not the question. The question is, when does the probation period run? The probation period runs concurrently with the prison sentence. Another hypothetical would answer that question. Consider two, consider a prison sentence, a two year, defendant could have been sentenced to a two year prison sentence and a two year probation period to run concurrently, meaning to start at the same time. Now in that case, defendant would, let's say he received good conduct credit, he was out in one year. So by the 22nd or 23rd he would almost be up. And his probation would almost be up. In that case, imagine that he then commits a further crime. Well, he could be subject to going back to prison for the month left on his MSR. But he also would have violated his probation and he would be subject to resentencing on the original charge. He could be subject to another two year prison sentence, another five year prison sentence. So the prison time would go past the original two year prison sentence. But nobody would call that a consecutive sentence. Because the point is, when is the probation period that is imposed, when does that run? The idea that some subsequent conduct of defendant that violates his probation would somehow retroactively turn a concurrent sentence into a consecutive sentence simply does not make sense. It's not the law of the state. Now in this case, defendant was subject to the imposition of the consecutive sentence, probation sentence regardless. The defendant relies on King, the seminal act in this state's one act, one crime doctrine. But by this point the King doctrine is well established. The questions are twofold. First, are there multiple acts or was there precisely the same physical act? And second, are there lesser included offenses? Here defendant concedes that there were multiple acts and he concedes that there are no lesser included offenses. That ends the one act, one crime analysis. There's simply no further place defendant can go. Now to be sure, King included certain dicta which specified that the holding in that case was based on concurrent sentences. But it did so expressly because the sentencing code at that time restricted the imposition of sentences, of prison sentences, when the offenses were from the same conduct or the same transaction to be concurrent. But subsequent cases have made clear that the King must be read in context of the corrections code. Rodriguez made this clear. The King analysis is the same whether the sentences are concurrent or consecutive. And this court recently in Ardis reiterated a quote that Rodriguez also extended the King doctrine to consecutive sentences. So we've reached the end of the one act, one crime analysis. It does not matter whether sentences are concurrent or consecutive. What matters is whether there were multiple acts. Defendant concedes that there were. Whether there were any lesser included offenses, defendant concedes that there was not. Now we turn to the Wendt-Williams line of cases. In this, these cases address when a sentence of a period of probation can be imposed subsequent to a prison sentence. Defendant argues that 584 somehow addresses this situation. But this court in Wendt has already held that that's not the case. This court in Wendt noted that 584 governs multiple prison sentences. There is simply no way around this. The article in which this section is found is called imprisonment. The title of this section is called concurrent and consecutive terms of imprisonment. And the language of the statute deals with when quote when multiple sentences of imprisonment are imposed. So to somehow say that this article, which clearly deals with multiple prison sentences, also somehow sub silentio deals with probation sentences is simply a stretch of the language that cannot be made. Defendant Wendt also addressed 562, which addresses when multiple, how multiple probation periods imposed at the same time must run. But again, this court found that that dealt with multiple probation periods. We're dealing with not multiple probation periods, not multiple periods of, not multiple prison sentences. We're dealing with a prison sentence and a probation period. And Wendt found that 553 expressly allowed this. It expressly allows a period of probation and a term of imprisonment to be used in combination. So here we have no provision which prohibits this. We have a provision which expressly allows it. So the Wendt court held that when there are multiple convictions, the prison sentence can be followed by a consecutive probation sentence. It did not limit its holding in any way with respect to how closely related those convictions are. Williams, a few years later, found that when there's a single offense, only one offense, the, a court cannot impose a prison sentence followed by a consecutive probation sentence. But that court relied expressly on the fact that there was one conviction. The court, the court reasoned that there were, that imposing both consecutively was imposing two punishments for one conviction. Now that logic simply does not extend to the issue of when there are multiple convictions, no matter how closely related they may be. Moreover, the reasoning in Williams has to be called into question because the legislature, the General Assembly, has subsequently passed a provision, 562F, which allows the imposition of probation consecutive to prison. Now that doesn't apply to defendant, but what it does state is that any rule that can be taken from Williams that must, that the prison sentences and consecutive probation sentences are limited to certain situations, that rule must be limited. And it has been abrogated subsequently. It cannot now be expanded retroactively. Now turning towards defendant's argument that his acts were close to related, we don't, this court does not need to reach that issue here. But in any event, these acts, two of them were committed on December 1st. Two of them were committed on December 2nd. Two of them were committed on December 3rd. The fact, and there were separate checks on each of those days, the fact that how the probation in the act in Count 6 could be closely related to the acts, Count 6 being December 3rd, to the acts on Counts 1, 2, 3, and 4, which occurred on December 1st and 2nd, defendant does not explain. And so the probation period certainly could be imposed with respect to them. That clearly was the intent of the circuit court and that intent should be upheld. Even for Count 5, defendant does not point to any case which holds that a, which holds that delivering a forged document necessarily is closely related to making that forged document. Those acts can be done different days, different times, different places. And so there's no reason to hold that even those two acts are successful at each step of his argument, he is successful at none. And for the reasons stated today as well as those in our brief, unless the courts have any other questions, we ask that the court affirm the judgment below. Thank you. Thank you, counsel. Thank you, Your Honors. Mr. Harrell acknowledges that Section 584 concerns multiple terms of imprisonment. However, it would be incongruous to allow a consecutive period of probation and imprisonment without restrictions where consecutive periods of probation are barred under Section 562 and consecutive terms of imprisonment cannot be imposed unless specific exceptions apply. Furthermore, given that there is the potential that an offender placed on probation could be sentenced to a term of imprisonment for violating his probation, the rules for consecutive terms of imprisonment should apply to this case. With regards to the closely related series of acts, the State before the Circuit Court admitted that these acts resulted from a continuous course of conduct. It then asked for the period of probation to be imposed solely on count six. If there are no further questions, Your Honor. Case number 106472 will be taken under advisement as agenda number 106472.